Brandon T. Crossland (*Pro Hac Vice Application Forthcoming*)
Florida Bar. No.: 21542
bcrossland@bakerlaw.com
Julie Singer Brady (*Pro Hac Vice Application Forthcoming*)
Florida Bar. No.: 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles (*Pro Hac Vice Application Forthcoming*)
ymercadorobles@bakerlaw.com
Florida Bar. No.: 1003897
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
(407) 649-4000

Mark A. Fuller (012149)
mark.fuller@gknet.com
GALLAGHER & KENNEDY
2575 East Camelback Road
Phoenix, Arizona 85016
(602) 530-8185
*Attorneys for Defendants ILX Acquisition, Inc.,
Diamond Resorts Management, Inc., and Kathy Wheeler*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Norman Zwicky, for himself and on behalf of all others similarly situated, | CIVIL ACTION No. 2020-010141 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Diamond Resorts, Inc.; ILX Acquisition, Inc.; Diamond Resorts Management, Inc.; Stephen J. Cloobeck; David F. Palmer; C. Alan Bentley; Troy Magdos; Kathy Wheeler; Linda Riddle; John & Jane Does 1-10; and Does 1-10, | |
| Defendants. | |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants, ILX Acquisition, Inc. ("**ILX**") and Diamond Resorts Management, Inc. ("**DRM**") (collectively, the "**Corporate Defendants**"), and Kathy Wheeler ("**Wheeler**"), hereby remove the above-captioned action from the Superior Court of Arizona Civil Division, Maricopa County, where it is now pending, to the United States District Court for the District of Arizona and, in support, state as follows:

## Background

1. The Corporate Defendants and Wheeler submit this Notice without waiving any defenses to the claims asserted by Plaintiff, Norman Zwicky ("**Plaintiff**"), without conceding that Plaintiff has properly pled claims upon which relief may be granted, without conceding that class certification is appropriate, and without conceding that Plaintiff or any class members are entitled to any remedy or relief in the action styled *Norman Zwicky* v. *Diamond Resorts, Inc., et al.*, Case No. CV-2020-010141 (the "**State Court Action**"). The Corporate Defendants and Wheeler reserve all rights and defenses.

2. On August 21, 2020, Plaintiff filed a Class Action Complaint in the State Court Action, in the Superior Court of Arizona Civil Division, Maricopa County (the "**Arizona State Court**"), against Defendants, Diamond Resorts, Inc., ILX, DRM, Stephen J. Cloobeck ("**Cloobeck**"), David F. Palmer ("**Palmer**"), C. Alan Bentley ("**Bentley**"), Troy Magdos ("**Magdos**"), Wheeler, Linda Riddle ("**Riddle**"), and Does 1-10.[1]

---

[1] Plaintiff alleges that Does 1–10 are "fictitiously-designated natural persons, corporations, or other entities whose identities and citizenship are unknown [] at this time, and who are or may be liable to Plaintiff." (Am. Compl. ¶ 6.)

3. On November 9, 2020, Plaintiff filed his First Amended Class Action Complaint (the "**Amended Complaint**"), adding John & Jane Does 1-10[2] as Defendants, in the State Court Action.

4. On November 16, 2020, DRM was served with a copy of the Summons and Amended Complaint filed in the State Court Action.

5. On November 19, 2020, ILX was served with a copy of the Summons and Amended Complaint filed in the State Court Action.

6. On November 22, 2020, Wheeler was served with a copy of the Summons and Amended Complaint filed in the State Court Action.

7. True and correct copies of the Summons and Amended Complaint served on the Corporate Defendants and Wheeler are attached hereto as **Composite Exhibit "A."**

8. Neither the Corporate Defendants, nor Wheeler have pled, answered, or otherwise appeared in the State Court Action.

9. This Notice of Removal is filed before the expiration of 30 days after receipt of the Amended Complaint, and is thus timely filed under 28 U.S.C. § 1446(b). To the best of Corporate Defendants and Wheeler's knowledge, Defendants, Cloobeck, Palmer, Bentley, Magdos, and Riddle (the "**Individual Defendants**") have not been served. Moreover, to the best of Corporate Defendants and Wheeler's knowledge, Defendant Diamond Resorts, Inc., if it exists, has not been served. Accordingly, the Individual

---

[2] Plaintiff alleges that John & Jane Does 1–10 are "the spouses of the above-named individual defendants acting in furtherance of the marital community and are citizens of Nevada; Plaintiff reserves the right to amend this Complaint to state their true names when the same are ascertained."  (Am. Compl. ¶ 5(vii).)

Defendants' consent to removal is not required. 28 U.S.C. § 1446(b)(2); *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1032 (D. Ariz. 2007) (consent of defendant that had not been served at time of removal is not required). However, in any case, the Corporate Defendants and Wheeler are not aware of any objection to removal by the other Defendants.[3]

10. Plaintiff alleges that he is "a citizen of Arizona." (Am. Compl. ¶ 1).

11. Plaintiff alleges that ILX "is a corporation organized and existing under the laws of Delaware, with its principal place of business in Phoenix, Arizona…." (*Id.* ¶ 3).[4]

12. Plaintiff alleges that DRM "is a corporation organized and existing under the laws of Arizona, with its principal place of business in Las Vegas, Nevada…." (*Id.* ¶ 4).

13. Plaintiff alleges that Defendant Wheeler is a "citizen of Nevada." (*Id.* ¶ 5). Indeed, Wheeler's permanent home, where she resides with the intention to remain, is the State of Nevada. Accordingly, Wheeler is a citizen of Nevada.

14. Plaintiff purports to bring this action on his own behalf and on behalf of "all current and former Members of the [Premiere Vacation Collection Owners] Association, which are approximately 25,000 in number." (*Id.* ¶ 37). The Premiere Vacation Collection encompasses a group of resorts located in various jurisdictions, including Arizona, Colorado, Indiana, Nevada, and Mexico.

---

[3] Additionally, under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("**CAFA**"), the class action "may be be removed by any defendant without the consent of all defendants." 28 U. S. C. § 1453(b).

[4] ILX denies that its principal place of business is Arizona. However, given the citizenship of other Defendants, ILX's citizenship is not material to or dispositive of this this issue and, therefore, is not further addressed herein.

4

15. Plaintiff seeks individually, and on behalf of the putative class, the following remedies: restitution; actual damages; pre-judgment interest; treble damages; attorney's fees and costs; and an injunction "restraining and preventing Defendants' [alleged] ongoing pattern of racketeering." (*Id.* ¶¶ 184, 197, 206).

**Legal Basis for Removal**

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT.**

16. This action satisfies the jurisdictional requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("**CAFA**"), because: (A) it is a putative class action; (B) minimum diversity among the parties exists; (C) there are alleged to be no fewer than 100 members of the putative class; and (D) the matter in controversy allegedly exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d).

**A.   This Is a Class Action.**

17. CAFA defines a "class action" as any civil action filed under Fed. R. Civ. P. 23 or under a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff's lawsuit meets the definition of "class action" under 28 U.S.C. § 1332(d)(1)(B) because Plaintiff is purporting to bring his claims on behalf of a defined class, pursuant to A.R.S. § 12-1871.[5]  (*See* Am. Compl. ¶¶ 222–47).

---

[5] Plaintiff also appears to rely on Fed. R. Civ. P. 23 for pursuing his claims as a class action. (*See* Am. Compl. ¶ 225 (citing to Fed. R. Civ. P. 23 for notice to class)).

5

**B.     There Is Minimal Diversity.**

18.     Under CAFA's "minimal diversity" requirement, a district court has original jurisdiction over a civil action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In other words, if any member of the purported class is a citizen of a State that is different from where any defendant is a citizen, then minimal diversity exists. *Ehrman v. Cox Commc'ns. Inc.*, 932 F. 3d 1223, 1226 (9th Cir. 2019). As discussed above, Plaintiff alleges that he is a citizen of Arizona. (*See supra* ¶ 7.) And, Wheeler is a citizen of Nevada. As such, there is minimal diversity sufficient to satisfy this CAFA requirement to remove the State Court Action. *See* 28 U.S.C. § 1332(d)(2)(A); *Ehrman*, 923 F. 3d at 1226.

**C.     The Proposed Class Has More than 100 Members.**

19.     CAFA does not apply to class actions in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Here, the number of members in the proposed class is greater than 100. (*See* Am. Compl. ¶ 37 ("The proposed class consists of all current and former Members of the [Premiere Vacation Collection Owners] Association, which are approximately 25,000 in number.")). The Amended Complaint alleges that "[t]here are at least 100 members of the putative class." (*Id.* ¶ 7). Plaintiff further alleges that the class is so numerous that "[j]oinder of all of the individuals in the Class is therefore impracticable." (*Id.* ¶ 227).

20.     Where a plaintiff alleges that the estimated number of putative class members in his complaint is greater than 200, "[n]o investigation" or "further inquiry" is necessary for the court to conclude that CAFA numerosity is satisfied. *Kuxhausen* v. *BMW Fin.*

*Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (finding that complaint's statement that class representative customer was seeking to "provide remedies for hundreds of affected consumers" satisfied CAFA's numerosity requirement since "hundreds," by definition, meant at least 200).

**D.      The Amount in Controversy Exceeds $5,000,000.**

21.     A notice of removal needs only "a plausible allegation" that the amount in controversy is satisfied.  *Dart Cherokee Basin Operating Co., LLC* v. *Owens*, 574 U.S. 81, 89 (2014).  The amount in controversy requirement is "presumptively satisfied" where, as here, the "complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold . . . unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  *Guglielmino* v. *McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez* v. *Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)); *see Papst* v. *GEICO Gen. Ins. Co.*, No. CV-14-02141-TUC-RM, 2014 WL 12680667, at *2 (D. Ariz. Aug. 26, 2014) (finding that amount in controversy requirement for removal to federal court was presumptively satisfied where plaintiff's complaint "allege[d] an amount in controversy above the federal jurisdictional minimum for diversity cases").

22.     Plaintiff seeks individually and on behalf of the putative class the following remedies: restitution; actual damages; pre-judgment interest; treble damages; attorney's fees and costs; and an injunction "restraining and preventing Defendants' [alleged] ongoing pattern of racketeering."  (Am. Compl. ¶¶ 182–84, 197, 206.)  In fact, Plaintiff explicitly

alleges that "[t]he amount in controversy, aggregated, exceeds five million dollars ($5,000,000.00), exclusive of interests and costs." (*Id.* ¶ 8.)

23. While the Corporate Defendants and Wheeler deny that Plaintiff (or the alleged putative class) is entitled to any relief, the allegations of the Amended Complaint satisfy the amount in controversy requirement under CAFA to allow removal. Indeed, based on the express allegation that the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interests and costs, the allegations of alleged amounts of overcharges from 2013–2015, and the allegedly similar amount of overcharges from 2011, 2012, and 2016–19, plus attorney's fees and treble damages, there is no "legal certainty" that Plaintiff could not recover an aggregate amount exceeding $5,000,000 required for CAFA removal. *See* 28 U.S.C. § 1332(d)(6); *Guglielmino*, 506 F.3d at 699; *Sanchez*, 102 F.3d at 402.[6]

## II. THIS COURT ALSO HAS FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION OVER THIS MATTER.

24. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

---

[6] The party opposing removal jurisdiction has the burden of proving that a discretionary or mandatory exception under CAFA applies. *Serrano* v. *180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[A]lthough the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception."). This Notice of Removal does not address, nor concede, any issues related to the CAFA jurisdiction exceptions.

25. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

26. Count I of Plaintiff's Amended Complaint pleads a violation of the federal Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. §§ 1961, *et seq.* ("RICO"). (Am. Compl. ¶¶ 145–84). This cause of action "aris[es] under the . . . laws . . . of the United States," and this Court therefore has original jurisdiction over it pursuant to 28 U.S.C. § 1331.

27. Plaintiff also pleads state law claims for breach of fiduciary duty and violations of A.R.S. § 13-2312(B) ("Illegally Conducting an Enterprise"). (Am. Compl. ¶¶ 185–97, 198–206). These state law claims are based on the same common nucleus of operative facts as Plaintiff's federal statutory claim. In fact, Plaintiff incorporates and relies upon the same factual allegations for each cause of action. (*See* Am. Compl. ¶¶ 145, 185, 198). In particular, Plaintiff's claims are all based on the same allegations that the Corporate Defendants allegedly extracted "millions of dollars' worth of massively inflated Association/HOA charged from Members like Zwicky by automatically, systematically, deliberately, and illicitly pass[ed] on undisclosed amounts of DRI's Indirect Corporate Costs to each Association/HOA and its Members." (*See id*. ¶ 36).

28. Thus, while the Corporate Defendants and Wheeler deny these allegations, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are "so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy."

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

29. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is original jurisdiction and this Court embraces the place where the state court action is currently pending.

30. Written notice of this filing will be provided to all adverse parties, and a copy of this Notice of Removal will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Amended Complaint served on the Corporate Defendants and Wheeler are attached hereto as Composite Exhibit A.

31. Pursuant to Local Rule of Civil Procedure 3.6(b), the most recent version of the docket from the Arizona State Court available to the Corporate Defendants and Wheeler is attached hereto as **Exhibit "B**."

32. Pursuant to Local Rule of Civil Procedure 3.6(b), true and correct copies of all pleadings and other documents that have been previously filed with the Arizona State Court are attached hereto as **Composite Exhibit "C."**

33. Pursuant to Local Rules of Civil Procedure 3.6(b), a verification by counsel for the Corporate Defendants and Wheeler that true and complete copies of all pleadings and other documents filed in the state court proceeding have been filed is attached hereto as **Exhibit "D."**

## Conclusion

34. The Corporate Defendants and Wheeler have established the necessary jurisdictional elements to assert federal jurisdiction. For this reason, this Court has original jurisdiction over Plaintiff's claims, and this case should be removed to this Court.

WHEREFORE, the above-described action now pending in the Superior Court of Arizona Civil Division, Maricopa County, is properly removed to this Court.

DATED 1st day of December, 2020.

GALLAGHER & KENNEDY, P.A.

*s/ Mark. A. Fuller*
Mark A. Fuller
2575 East Camelback Road
Phoenix, Arizona 85016
(602) 530-8185

Brandon T. Crossland (*Pro Hac Vice Application Forthcoming*)
Florida Bar. No.: 21542
bcrossland@bakerlaw.com
Julie Singer Brady (*Pro Hac Vice Application Forthcoming*)
Florida Bar. No.: 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles (*Pro Hac Vice Application Forthcoming*)
ymercadorobles@bakerlaw.com
Florida Bar. No.: 1003897
**BAKER & HOSTETLER LLP**
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
(407) 649-4000
*Attorneys for ILX Acquisition, Inc., Diamond Resorts Management, Inc., and Kathy Wheeler*

I certify that on this 1st day of December, 2020, electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and transmitted a copy of this document via attachment to emails to:

Jon L. Phelps
Robert M. Moore
Law Office of Phelps & Moore
7430 East Butherus Drive, Suite A
Scottsdale, Arizona 85260
jon@phelpsandmoore.com
rob@phelpsandmoore.com

Edward L. Barry
2120 Company Street, Third Floor
Christiansted, Virgin Islands 00820
e.barry.legal@gmail.com

*Attorneys for Plaintiff*

*/s/ Mark A. Fuller*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Norman Zwicky, for himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Diamond Resorts, Inc..; ILX Acquisition, Inc.; Diamond Resorts Management, Inc.; Stephen J. Cloobeck; David F. Palmer; C. Alan Bentley; Troy Magdos; Kathy Wheeler; Linda Riddle; John & Jane Does 1-10; and Does 1-10,<br><br>Defendants. | CIVIL ACTION<br>No. 2020-010141<br><br><br><br>**INDEX OF EXHIBITS TO NOTICE OF REMOVAL** |

**Exhibit A** – Composition of Summonses and Correct and True Copies of Complaint, Amended Complaint, Certificate of Compulsory Arbitration that were served upon Diamond Resorts Management, Inc., ILX Acquisition, Inc. and Kathy Wheeler.

**Exhibit B** – Court Docket for CV2020-010141.

**Exhibit C** – Copies of all filings listed on the docket for CV2020-010141.

**Exhibit D** – Verification.

8351469v1/29766-0002