Brandon T. Crossland (*Pro Hac Vice*)
Florida Bar. No.: 21542
bcrossland@bakerlaw.com
Julie Singer Brady (*Pro Hac Vice*)
Florida Bar. No.: 389315
jsingerbrady@bakerlaw.com
Yameel L. Mercado Robles (*Pro Hac Vice*)
Florida Bar. No.: 1003897
ymercadorobles@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
(407) 649-4000

Mark A. Fuller (012149)
mark.fuller@gknet.com
**GALLAGHER & KENNEDY**
2575 East Camelback Road
Phoenix, Arizona 85016
(602) 530-8185
*Attorneys for Defendants ILX Acquisition, Inc.,*
*Diamond Resorts Management, Inc., Diamond Resorts*
*International, Inc., Kathy Wheeler, Troy Magdos, & David F. Palmer*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Norman Zwicky, for himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Diamond Resorts International, Inc.; ILX Acquisition, Inc.; Diamond Resorts Management, Inc.; Stephen J. Cloobeck; David F. Palmer; C. Alan Bentley; Troy Magdos; Kathy Wheeler; Linda Riddle & John Doe Riddle; John & Jane Does 1-10; and Does 1-10,<br><br>Defendants. | No. 2:20-cv-02322-PHX-DJH<br><br>**OMNIBUS REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS KATHY WHEELER AND TROY MAGDOS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Oral Argument Requested)** |

Pursuant to L.R. Civ. P. 7.2(d), Defendants Kathy Wheeler ("**Wheeler**") and Troy Magdos ("**Magdos**")(collectively the "**Defendants**") file this Omnibus Reply Memorandum (the "**Reply**") in support of their Motions to Dismiss the Second Amended Complaint (Doc. 40; Doc. 46) (the "**Motions to Dismiss**").

### Introduction

Because the factual allegations against Defendants in the SAC are insufficient to state any claim, Plaintiff's Opposition to their Motions to Dismiss (Doc. 55; Doc. 56) (the "Opposition") largely ignores them. The overall thrust of Plaintiff's allegations against the Defendants is that they worked for DRI and were also on the Board of Directors for PVCOA. There are no allegations of any individual misconduct by either Wheeler or Magdos. As such, the allegations are insufficient to support any of Plaintiff's claims.

The claims against Defendants suffer the same deficiency as those asserted against the Corporate Defendants: the claims are derivative, time-barred and lack specificity. Moreover, Plaintiff makes no plausible argument that prevents the application of the director-exculpation provision. Plaintiff's claims against Defendants should be dismissed.

**A.  Plaintiff Lacks Standing Because His Claims Are Derivative.**

In the Opposition, Plaintiff fails to point to any facts that give him standing to bring his claims against Defendants. For the same reasons stated by the Corporate Defendants in their reply brief (Doc. 64), Plaintiff's claims against Defendants are derivative of an alleged injury to PVCOA and should be dismissed.

**B.  Plaintiff's Claims Are Time-Barred.**

Plaintiff alleges no facts against Defendants to bring his claim within the applicable

statutes of limitations. Plaintiff does not argue otherwise in the Opposition. For the same reasons stated by the Corporate Defendants in their reply brief (Doc. 64), Plaintiff's claims against Defendants are time-barred and should be dismissed.

### C. Plaintiff's Claims Against Defendants Are Barred by the Director-Exculpation Provision in PVCOA's Articles.

Plaintiff does not dispute that PVCOA's Articles include a director-exculpation provision that expressly eliminates the personal liability of a director "for any matter." *See* Doc. 40-1, Doc. 55 at 6. Despite the plain language of the applicable provision, Plaintiff argues that his claims against Defendants are not barred by the director-exculpation provision in PVCOA's articles for three reasons: (1) the director-exculpation provision raises an affirmative defense; (2) the director-exculpation provision raises fact issues; and (3) the director-exculpation provision cannot eliminate duties under Arizona law. None of these arguments prevent dismissal of the claims against Defendants.

First, Plaintiff incorrectly argues that a defendant can only raise an exculpation clause as an affirmative defense. Plaintiff fails to distinguish the Ninth Circuit precedent cited by Defendants holding that exculpated claims should be dismissed at the pleadings stage. *See Oswald on Behalf of Identiv, Inc., v. Humphreys*, 806 Fed.Appx. 577, 579–80 (9th Cir. 2020)*; In re First Solar Derivative Litig.,* 2016 WL 3548758, at *4 (D. Ariz. June 30, 2016). Instead of addressing the cases cited by Defendants, Plaintiff cites to inapposite cases involving only non-exculpated claims:

- *In re TASER Intern. Shareholder Derivative Litigation*, No. CV–05–123–PHX–SRB, 2006 WL 687033, *19 (D. Ariz. March 17, 2006): In a shareholder derivative

2

lawsuit, plaintiffs adequately pled non-exculpated claims. Thus, the Court determined that it need not consider the exculpatory charter provision in the context of the motion to dismiss.

- *In re Opus E., L.L.C.*, 480 B.R. 561 (Bankr. D. Del. 2012): The plaintiff adequately pled non-exculpated claims, and thus stated a claim.

The remainder of Plaintiff's argument reads as a hornbook on affirmative defenses - none of which bears any relevance to the analysis of the claims against Defendants. Defendants' argument is simple and straightforward: Defendants are asking the Court to interpret the clear and unambiguous language of the director-exculpation provision and conclude that Plaintiff failed to state any claim against Defendants.

Second, Defendants' motion to dismiss does not require the Court to make factual determinations related to their conduct as a PVCOA director. Plaintiff cites no case in support of his argument that this Court is unable to determine if Plaintiff pled particularized facts stating a claim that survives the director-exculpation provision. This is precisely the type of analysis that is routine on a Rule 12 motion. In this case, this determination is not complicated because the PVCOA's Articles expressly eliminate the personal liability of a director "for any matter." Doc. 40-1. Thus, based upon the clear language of the provision, any claim against Defendants based upon their conduct as a director must fail.

The only claims for which Defendants could be personally liable are those falling within the exceptions of the Arizona Nonprofit Corporation Act, A.R.S. § 10-3202(B). *See* Doc. 40 at 7-8; Doc. 46 at 6-7. Instead of addressing how Defendants' alleged conduct

3

falls within one of the four exceptions, Plaintiff makes a string of unavailing arguments. Plaintiff first argues that A.R.S. § 10-3202(B) does not apply because the Timeshare Act supersedes all other statutes "if there is any conflict." Doc. 55 at 11; Doc. 56 at 10. However, the Timeshare Act is silent on director liability, including the right of an association to eliminate or limit director liability. Thus, there is no conflict between the provisions of the Timeshare Act and A.R.S. § 10-3202(B). The relevant provisions related to director liability under the Arizona Nonprofit Corporation Act apply to this matter.

Next, Plaintiff argues that the director-exculpation provision does not eliminate liability for ultra vires actions. Although Plaintiff cites to general principles of law, he can point to no factual allegations to support any ultra vires act committed by Defendants. An ultra vires corporate act is an act taken outside the authority of the corporate officers. *See Trico Elec. Coop. v. Ralston*, 67 Ariz. 358, 367 (1948). Beyond conclusory allegations, there are no facts to support any conduct by Defendants outside of their role and authority as director of the PVCOA Board. Unlike the defendants in the *Lurie* case, cited by Plaintiff, Defendants were not "attempting to use the corporation to make money as individuals without incurring individual liability." *Lurie v. Arizona Fertilizer & Chem. Co*., 101 Ariz. 482, 487, 421 P.2d 330, 335 (1966). Even assuming it's true that Defendants "passed through" DRI's expenses to members of PVCOA, there are no allegations that Defendants personally benefited from this conduct. Thus, the doctrine of ultra vires does not apply to this case.

Finally, although Plaintiff argued that the Arizona Nonprofit Corporation Act is irrelevant, Plaintiff nonetheless argues that the exceptions of A.R.S. § 10-3202(B)(b) and

(d) apply.[1]  As with the rest of his Opposition, Plaintiff cites to general principles of law, but fails to cite factual allegations against Defendants that would support any intentional conduct to cause harm or to violate criminal law.  In the Opposition, Plaintiff repeats the same conclusory and unsupported allegations of his SAC.  He does not – and cannot – point to any factual allegation to show that Defendants had any knowledge that any alleged expenses were improper nor that she acted or failed to act with the intent to harm Plaintiff.  The SAC is devoid of any allegations that plausibly support any claim of intentional wrongdoing by Defendants. *See Kuc v. Christiana Tr. ARLP 3*, 2016 WL 74712, at *1 (D. Ariz. Jan. 7, 2016).   Because there are no facts of intentional conduct by Defendants, neither A.R.S. § 10-3202(B)(b) nor (d) applies.  Therefore, the director-exculpation provision precludes all of Plaintiff's claims against Defendants.

**D.**      **Plaintiff Fails to State Any Civil Fraud or RICO Claim With Requisite Specificity.**

Plaintiff acknowledges in the Opposition that his fraud and RICO's claims against Defendants are premised solely on them being a director of PVCOA and an employee of DRI at the time that the budgets at issue were disseminated to members and the assessments were subsequently collected.  Doc. 55 at 4-5; Doc. 56 at 4-5.  According to Plaintiff, these facts are enough to plausibly support "the role [Defendants] served in defendants' collective scheme." *Id.*  The factual allegations against Defendants are a far cry from the specificity demands of Rule 9(b). *See* Doc. 40 at 9-10; Doc. 46 at 7-9.  Because claims of

---

[1] Plaintiff does not address the two exceptions at A.R.S. § 10-3202(B)(a)&(c). Thus, Plaintiff has waived any argument that either of those exceptions apply.

5

fraud and RICO violations are serious accusations of wrongdoing, a plaintiff must allege facts particular enough to give a defendant notice of the misconduct, so that she can defend against the specific misconduct being alleged.  *See, e.g., Doherty v. Certified Fin. Planner Bd. Of Standards, Inc.*, No. CV-12-01920, 2012 WL 5504183 (D. Ariz. Nov. 13, 2012). Plaintiff concedes that he makes no effort whatsoever to identify Defendants' individual role in the alleged scheme.  For these reasons and for the reasons stated by the Corporate Defendants' in their reply brief (Doc. 64), the claims against Defendants of purported fraud or RICO should be dismissed.

## Conclusion

For the reasons stated above and in the Motions to Dismiss, Defendants requests that the Court grant the Motions to Dismiss, dismiss the SAC as to them with prejudice, award them attorneys' fees and costs associated with the Motions, and grant all such other relief as the Court deems just and proper.

DATED this 4th day of May, 2021

Respectfully submitted,

*s/ Mark A. Fuller*
Mark A. Fuller
Arizona Bar No.:
**GALLAGHER & KENNEDY**
2575 East Camelback Road
Phoenix, Arizona 85016
(602) 530-8185

Brandon T. Crossland (*Pro Hac Vice*)<br>
Julie Singer Brady (*Pro Hac Vice*)<br>
Yameel L. Mercado Robles (*Pro Hac Vice*)<br>
**BAKER & HOSTETLER LLP**<br>
200 South Orange Avenue, Suite 2300<br>
Orlando, FL 32801<br>
(407) 649-4000<br>
*Attorneys for Defendants ILX Acquisition, Inc., Diamond Resorts Management, Inc., Diamond Resorts International, Inc., Kathy Wheeler, Troy Magdos, and David F. Palmer*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Christine C. Marsceill*